UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALVIN JENKINS,

                Petitioner,                Case Number: 1:20-cv-13355
                                                        Honorable Thomas L. Ludington

v.

CONNIE HORTON,

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE, DISMISSING CASE WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Alvin Jenkins, a Michigan state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed an Emergency Motion to Place Incoming Petition for Habeas Corpus in Abeyance. ECF No. 1. Petitioner has not, however, filed a habeas petition. On preliminary review, this Court finds that it lacks jurisdiction to adjudicate Petitioner's Motion in the absence of a habeas petition. *See* Rule 4, Rules Governing Section 2254 Cases. As a result, the Motion and a certificate of appealability will be denied, and the case will be dismissed without prejudice.

**I.**

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Prior to the filing of a complaint, "an action has not 'commenced' within the meaning of the Federal Rules" and the Court lacks subject matter jurisdiction to grant relief against any named defendants. *Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013); *see also Gibson v. Department of Corrections*, No. 5:07-cv-255-RS-EMT, 2007 WL 3170688, *1 (N.D. Fla. Oct. 30, 2007) ("[A

party] cannot commence a civil action by filing a motion."). A habeas suit begins with the filing of an application for habeas corpus relief—the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003).

Consequently, the Court may not decide Petitioner's motion because he has not properly commenced a habeas corpus proceeding. The judicial power of federal courts is limited to "cases and controversies." U.S. Const. art. III, § 2, cl. 1. A judicial decision rendered in the absence of a case or controversy is advisory, and "'a federal court [lacks] the power to render advisory opinions.'" *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "[N]o case or controversy generally exists before an actual § 2254 petition is filed." *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) (citation omitted). "Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do *if* an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420–21 (6th Cir. 2016) (holding that district court could not rule on prisoner's motion for extension of time to file a § 2255 motion before said motion was filed because doing so would constitute an advisory opinion) (emphasis original).

Petitioner has not filed a habeas corpus petition that the Court could hold in abeyance, and his Motion is not an acceptable substitute for a habeas petition. Further, the Court lacks jurisdiction to render an advisory opinion on whether a stay would be granted if a habeas petition were filed. Therefore, this case will be dismissed without prejudice.

**II.**

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

-3-

2253(c)(2). When a district court denies relief on procedural grounds, a certificate of appealability should issue if it is shown "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Petitioner makes no such showing. Accordingly, a certificate of appealability will be denied.

### III.

Accordingly, it is **ORDERED** that Petitioner's Emergency Motion to Place Incoming Petition for Habeas Corpus in Abeyance, ECF No. 1, is **DENIED**.

It is further **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.


Dated: January 22, 2021                                  s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon **Alvin Jenkins** #172173, CHIPPEWA CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784 by first class U.S. mail on January 22, 2021.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager